Curia, per Withers, J.
The action was in trover; and the value of the goods charged to have been converted, was a sum within the Summary Process jurisdiction of the Judges *70 of the Common Pleas. A nonsuit is moved, on the ground,
1st. That the action was not cognizable in the General 'Jurisdiction.
2d. That, in any event, it should have been case.
3d. That no sufficient evidence of conversion was adduced ; — and on the last ground an alternative motion for a new trial is urged.
Attention to the language of our statute law will shew a clear distinction between the case of a Magistrate’s junsdiotion, and that exercised by the superior law court, by way of summary process.
By A. A. 1824, the Magistrate’s jurisdiction, “ in matters of contract, to the amount of twenty dollars, shall be exclusive, with the same right of appeal,” &c. It cannot, therefore, be concurrent, (as it was before,) which is the same thing as to say, that no other court shall take jurisdiction of that class of cases.
The summary jurisdiction of the Judges of the Common Pleas rests upon different language and reasons. Up to 1768, all civil actions for sums above twenty pounds currency had to be prosecuted in Charleston, (as appears by the preamble of the Act of that year to establish courts, &c.) 4s there recited also, that state of things repressed the settlement of the Province, accumulated the fees and business of the Provost Marshall inordinately, even to an extent “ often more than half the amount of the debts sued for, and the expense of recovering small debts, frequently far beyond the amount of such debts, to the great discouragement of plaintiffs and prosecutors and the grievance of defendants.”— Wherefore, courts in the country were established, their jurisdiction declared, gaols built, Sheriff's appointed, fees specified ; and it was further enacted, “ that it shall and may be lawful for the said Judges to exercise the summary jurisdiction, in the manner in which it is now administered.” It is manifest that this jurisdiction is permissive — not exclusive, and was for the benefit as well of a plaintiff as a defendant. Experience shows that it is freely used, as the advantages of expedition and economy, on all hands, might lead us to expect. Certainly the jurisdiction of the Common Pleas attached to Summary Process causes before the Act of 1768, and the virtual effect of that Act-, was only to provide a cheaper and more expeditious mode of adjudging that class of cases, without a jury, if the parties pleased — and being permissive only, did not actually oust the prior, ancient jurisdiction of the same tribunal, with a jury annexed, since no words of such import have been used.
Against the wanton abuse of the higher jurisdiction, and oppression of defendants, the practice of awarding only *71 sum. fro. costs when the developement shows the proper occasion for it, will be a sufficient check upon bad faith. (
Whether the action of trover can be sustained, depends upon the inquiry, whether there was a conversion. That the defendant below received the goods sued for, the jury have affirmed; and though a link was wanting for a complete chain of evidence to connect the shoes to a particular trunk which he did receive, yet when it appeared that all the goods which the plaintiff’s agent bought were directed to the Rail Road agent, at Blackville, that all were received from him through the defendant,' except the shoes; that a trunk was at the same time delivered to him at Blackville, which was never produced, it is no strained inference that You-mans received the goods sued for in that trunk, to transport from Blackville, for a compensation before received.
The goods, therefore, are traced to him. He alleges, then, that he was a carrier — is liable only for breach of contract— and not in an action in form ex delicto. A carrier is certainly liable in trover, i. e., he'is guilty of a conversion, under a variety of circumstances ; for example, if he puts them into the hands of á third person without orders, even (it is said) if done by mistake or upon a forged order. Trover lies against a person who illegally makes use of a thing found or delivered to him; or against a bailee employed merely to keep or carry the goods, and having no beneficial interest, who misuses a chattel entrusted to him; who draws out a part of the contents of a vessel and replaces it with water; or who improperly breaks open a box of goods or sells them. See these propositions and the authorities cited, 1 Chit PI. 155. Now, when defendant denied he ever received the trunk, and the proof was altogether satisfactory that he did, surely there was enough to go to the Jury upon the inquiry whether he had not done some one of the acts, as above stated, which is held to be evidence of conversion, even in a carrier. He had the benefit of the instruction, that if he lost the goods by accident, or by the theft of another, he was not liable in trover. He has not suffered in the law propounded to the Jury, and their verdict against him has enough in the evidence to support it.
Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.